IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
January 7, 2003 Session

**STATE OF TENNESSEE v. DOUGLAS E. GONES**

**Direct Appeal from the Circuit Court for Henderson County**
**No. 01-064-1     Roy B. Morgan, Jr., Judge**

_____

**No. W2002-00773-CCA-R3-CD - Filed February 13, 2003**

_____

The defendant pled guilty to one count of vehicular homicide and three counts of reckless aggravated assault following an automobile accident in which a mother was killed and her three young children were injured. The trial court imposed an effective four-year sentence in the Department of Correction. The defendant appeals the trial court's denial of alternative sentencing. We affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Carthel L. Smith, Jr., Lexington, Tennessee, for the appellant, Douglas E. Gones.

Paul G. Summers, Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; James G. (Jerry) Woodall, District Attorney General; and Bill R. Martin , Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On May 8, 2001, victim Helen Cannady was driving westbound on Interstate 40 in the right lane with her three children, ages six, ten, and twelve. The defendant's vehicle, which was being driven at an excessive speed, was also westbound in the same lane of travel and violently struck Cannady's vehicle from the rear. Even though both vehicles were proceeding in the same direction on the interstate, the Cannady vehicle was struck with such force that it rolled repeatedly on the median for a considerable distance, throwing Cannady and all three children from the vehicle. After impact, the defendant's vehicle proceeded some distance down the interstate before striking a parked semi-trailer truck on the westbound shoulder of the road. Cannady was killed, and all three children were injured. The defendant was charged with vehicular homicide as a proximate result of conduct creating a substantial risk of death or serious bodily injury and three counts of aggravated assault by the reckless use of a motor vehicle as a deadly weapon.

The defendant pled guilty to all four Class C felonies. Following a sentencing hearing, the trial court imposed a three-year sentence for the vehicular homicide conviction and four-year sentences for each count of aggravated assault; it ordered that all sentences be served concurrently in the Department of Correction. The sole issue raised by the defendant in this appeal is whether the trial court erred in denying him alternative sentencing.

## I. WAIVER

It is the duty of the defendant to provide a record which conveys a fair, accurate and complete account of what transpired with regard to the issues which form the basis of the appeal. Tenn. R. App. P. 24(b); *see* State v. Taylor, 992 S.W.2d 941, 944 (Tenn. 1999). The record before this court does not contain a transcript of the guilty plea submission hearing. In order to conduct an effective appellate review of sentencing, a transcript of the guilty plea hearing is necessary. State v. Keen, 996 S.W.2d 842, 844 (Tenn. Crim. App. 1999). The transcript of the guilty plea is usually necessary in order for this court to ascertain the facts and circumstances surrounding the offense. Indeed, the guilty plea hearing is the equivalent of a trial. *Id*. at 843. In the absence of a transcript of a guilty plea, this court must generally conclude that the sentence imposed by the trial court was correct. *Id*. at 844.

In this case, the facts and circumstances surrounding the offenses are crucial to our determination of the correctness of the trial court's denial of alternative sentencing. Specifically, we consider the defendant's use of drugs and/or alcohol shortly prior to the offenses to be relevant to the issue of alternative sentencing, as will be more fully discussed hereafter, even though the defendant was not charged with vehicular homicide by intoxication or vehicular assault by intoxication. *See* Tenn. Code Ann. §§ 39-13-213(a)(2), -106(a). This information was apparently elicited at the guilty plea hearing, but these facts were not fully developed at the sentencing hearing. We, therefore, conclude that by failing to include the guilty plea transcript as a part of the appellate record, the defendant has waived the issue. Nevertheless, we will address the issue on the merits as best we can from the record before us in the event of further appellate review.

## II. STANDARD OF REVIEW

A defendant who challenges his or her sentence has the burden of proving the sentence imposed by the trial court is improper. Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments; State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). It is this court's duty to conduct a *de novo* review of the record with a presumption the trial court's determinations are correct when a defendant appeals the length, range, or manner of service of his or her sentence. Tenn. Code Ann. § 40-35-401(d). The presumption of correctness is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. State v. Pettus, 986 S.W.2d 540, 543-44 (Tenn. 1999).

### III. DENIAL OF ALTERNATIVE SENTENCING

An especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6). A trial court must presume that a defendant sentenced to eight years or less and for whom incarceration is not a priority is subject to alternative sentencing. State v. Byrd, 861 S.W.2d 377, 379-80 (Tenn. Crim. App. 1993). It is further presumed that a sentence other than incarceration would result in successful rehabilitation unless rebutted by sufficient evidence in the record. *Id.* at 380.

In determining whether to grant or deny alternative sentencing, a trial court should consider the circumstances of the offense, the defendant's criminal record, the defendant's social history and present condition, the need for deterrence, and the best interest of the defendant and the public. State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978); State v. Boyd, 925 S.W.2d 237, 244 (Tenn. Crim. App. 1995). Alternative sentencing may be denied based solely upon the circumstances surrounding the offense. State v. Bingham, 910 S.W.2d 448, 454 (Tenn. Crim. App. 1995); State v. Hartley, 818 S.W.2d 370, 374 (Tenn Crim. App. 1991). However, the circumstances of the offense as committed must be especially violent, horrifying, shocking, reprehensible, offensive or otherwise of an excessive or exaggerated degree; and the nature of the offense must outweigh all factors favoring alternative sentencing. Hartley, 818 S.W.2d at 374-75.

Because the defendant is a standard offender and his convictions were for Class C felonies, he is presumed to be a favorable candidate for alternative sentencing. *See* Tenn. Code Ann. § 40-35-102(6). The trial court found alternative sentencing would not serve the best interest of the public and the defendant, would depreciate the seriousness of the offense, and would not provide an effective deterrent for others likely to commit similar offenses. It further found split confinement would not be appropriate because the local jail was not equipped to meet the defendant's special medical needs.

Initially, we conclude there is insufficient proof in the appellate record to support the trial court's finding that alternative sentencing would not provide an effective deterrent for others. We, therefore, proceed to examine other factors relating to alternative sentencing.

According to the presentence report, the thirty-four-year-old defendant dropped out of school after the ninth grade and "lived on the streets and has worked all across the U.S.A. doing various jobs" since the age of seventeen. Since 1993, the defendant resided periodically with a retired college dean/coach, who "worked with street young people" in Nashville. The defendant assisted him in this endeavor, was not otherwise employed and received a disability check. The defendant was diagnosed HIV positive seventeen years ago and with Hodgkin's Disease fourteen years ago. He suffers from a bipolar disorder and a form of schizophrenia and has received treatment for alcohol abuse.

The trial court was reluctant to allow the state to develop proof of the defendant's use of drugs and alcohol shortly before the automobile accident. The trial court reasoned that the guilty pleas were not based on intoxication, but were based on recklessness. However, the statements of

counsel and the trial court, as well as the proof presented at the hearing, indicated that the defendant appeared to be intoxicated at the scene of the accident; that tests showed the defendant had used some illegal drugs, which apparently included cocaine; but that the quantity of drugs and/or alcohol in the defendant's system was insufficient to establish he operated the vehicle under the influence of an intoxicant. Due to the absence of the guilty plea transcript, we are at a loss in our efforts to fully understand all the facts and circumstances of these offenses.

The defendant reported a history of occasional substance abuse that continued until the accident in May 2001; he described himself as a "binge" user of drugs and alcohol. There was proof that, following the accident, the defendant sought treatment for substance abuse and, except for one relapse, had abstained from intoxicants.

According to the defendant, the night before the accident he had been to a party and, at the time of the accident, was sleepy. There was also proof that the defendant was depressed and suicidal. At sentencing, the prosecutor asked the defendant if he had used drugs at the party. When the defendant admitted to using drugs, defense counsel objected; the trial court sustained the objection on the basis that the defendant's convictions were for reckless conduct. Nevertheless, further testimony by the defendant established he had used drugs and consumed alcohol on this occasion.

The defendant's use of drugs and alcohol just prior to the offenses is relevant to the issue of alternative sentencing, especially given the defendant's history of substance abuse. Such evidence is relevant to the circumstances of the offense, the defendant's history of criminal behavior, and the defendant's potential for rehabilitation.

The record before us also shows the defendant had three prior speeding offenses since 1998, leading up to this May 2001 accident also involving excessive speed; a 1992 Alabama conviction for "simple battery" in which he assaulted a security person in a bar and for which he served five days in jail with twelve months probation; and 1991 Alabama convictions for public intoxication and lude conduct for which he served nine days in jail.

We agree with the trial court that alternative sentencing would depreciate the seriousness of these offenses; it would not be in the best interest of the public and the defendant; and split confinement would be inappropriate in light of the defendant's special medical needs. Also, as a part of our *de novo* review, we have considered the defendant's prior history of criminal behavior. In our view, the trial court did not err in denying alternative sentencing.

The judgments of the trial court are affirmed.

_____
JOE G. RILEY, JUDGE

-4-